
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 25, 2017 Session

## MITCH GOREE, ET AL. v. UNITED PARCEL SERVICE INC.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003102-11  Jerry Stokes, Judge**

_____

### No. W2016-01197-COA-R3-CV

_____

This is the second appeal of this employment discrimination case involving two plaintiffs.  In the first appeal, *Goree v. United Parcel Service*, 490 S.W.3d 413 (Tenn. Ct. App. 2015*), perm. app. denied* (Tenn. March 23, 2016), this Court reversed the judgment as to one plaintiff and affirmed the judgment as to the other plaintiff, the Appellant in the instant case.  On remand, the trial court determined that the specific attorney's fees chargeable to each plaintiff could not be determined and reduced the previous award of attorney's fees and costs by 50%.  Appellant appeals.  Discerning no error, we affirm and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and ARNOLD B. GOLDIN, JJ., joined.

Eric H. Espey, Germantown, Tennessee, for the appellant, Mitch Goree.

Marcus M. Crider and Aron Z. Karabel, Nashville, Tennessee, for the appellee, United Parcel Service, Inc.

### OPINION

### I. Background

This is the second appeal of this employment discrimination case.  The background facts and procedural history are set out in our first opinion, *Goree v. United Parcel Service*, 490 S.W.3d 413 (Tenn. Ct. App. 2015*), perm. app. denied* (Tenn. March

23, 2016) ("*Goree I*"), and we will not extend the length of this opinion to restate them here. Suffice to say that Messrs. Mitch Goree ("Appellant") and James Wherry filed suit against Appellee United Parcel Service ("UPS"), claiming racial discrimination and unlawful retaliation in violation of the Tennessee Human Rights Act. Following a jury trial, Mr. Goree received a verdict of $2,600,000 ($600,000 in back pay and benefits and $2,000,000 in compensatory damages). Mr. Wherry was awarded $2,042,000.00 ($1,042,000 in back pay and $1,000,000 in compensatory damages). Messrs. Goree and Wherry filed a motion for attorney's fees and costs; UPS opposed the motion. The trial court granted the full amount of attorney's fees that Messrs. Goree and Wherry sought, i.e., $263,322.50 in fees and $11,497.11 in costs.

In *Goree I*, this Court reversed the trial court's remittitur of Mr. Goree's award for back pay and benefits of $600,000 and upheld the trial court's remittitur of Mr. Goree's compensatory damages in the amount of $1,100,000. As is important to the instant appeal, in *Goree I*, this Court reversed the verdict in favor of Mr. Wherry on the ground that Mr. Wherry had failed to meet his burden of proof on his claims for racial discrimination and retaliation.

On remand from *Goree I*, the trial court addressed several motions. As is relevant to the this appeal, UPS filed a motion to amend or modify the order on attorney's fees and costs. By its motion, UPS sought a reduction of the award of attorney's fees and costs by 50% based on the fact that this Court reversed Mr. Wherry's judgment in *Goree I*. By order of May 9, 2016, the trial court granted UPS's motion, reducing the total attorney's fees from $263,322.50 to $131,661.25 and the total costs award from $12,352.67 to $6,176.33. The trial court's order states, in relevant part:

> The Court grants UPS's request to reduce Plaintiffs' attorneys' fees and discretionary costs by 50% because UPS was the prevailing party on James Wherry's claims. Further, UPS argued that it was impossible to segregate the fees and costs and the Court agrees. Therefore, Plaintiffs' counsels' total fee award shall be reduced from $263,322.50 to $131,661.25 and total cost award shall be reduced from $12,352.67 to $6,176.33.

Mr. Goree appeals.

## II. Issue

In his appellate brief, Mr. Goree states the issue as follows:

Whether the trial court abused its discretion by reducing the fees and costs awarded to Mr. Goree by 50% based on the number of prevailing parties as opposed to the actual work performed in obtaining a judgment for Mr. Goree after finding that it "was impossible to segregate the fees and costs"

- 2 -

between parties:

a.        Goree is entitled to recover the full attorney fees and discretionary costs awarded by the trial court on June 27, 2014, because the claims asserted by Goree and Wherry arose from an inextricably intertwined common core of facts.

b.        Even if the claims of Goree and Wherry are not based on an inextricably intertwined common core of facts, the trial court abused its discretion by not making any findings or conducting any analysis of attorney fees and costs attributable solely to Goree's claim.

c.        Goree is entitled to attorney fees and costs for work performed in this appeal.

### III. Standard of Review

The award of attorney fees is within the trial court's discretion and will not be overturned absent an abuse of discretion. ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 176 (Tenn. 2011). In reviewing the award, we look at the evidence in the light most favorable to the trial court's decision. ***Id***. Thus, we are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness," and "we are not permitted to substitute our judgment for that of the trial court." ***Caldwell v. Hill***, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007).

### IV. Analysis

Mr. Goree first argues that the trial court erred in reducing his attorney fees by 50% when his claims and Mr. Wherry's claims "involve an inextricable intertwined common core of facts." In support of his argument, Mr. Goree cites the 6th Circuit Court of Appeals' decision in ***Imwalle v. Reliance Medical Prods., Inc.***, 515 F.3d 531 (6th Cir. 2008). The ***Imwalle*** Court held:

> We have "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." ***Deja Vu of Nashville v. Metro. Gov't of Nashville and Davidson County***, 421 F.3d 417, 423 (6th Cir.2005). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee. The result is what matters." ***DiLaura v. Twp. of Ann Arbor***, 471 F.3d 666, 672 (6th Cir.2006) (quoting ***Hensley***, 461 U.S. at 435, 103 S.Ct. 1933 (footnote omitted)).
>
> "When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorneys fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." ***Thurman v. Yellow Freight Sys***., 90 F.3d

1160, 1169 (6th Cir.1996). The Supreme Court explained in *Hensley* that

> [m]any civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435, 103 S.Ct. 1933.

In *DiLaura*, we explained that, "[b]y focusing on the fact that most of plaintiffs' claims failed, the district court does what *Hensley* specifically forbids: it analyzes a series of related legal claims based on a common core of facts, and determines the amount of fees, not based on the plaintiffs' overall success, but based on the success or failure of the individual claims." 471 F.3d at 673. This court has in fact held that discrimination and retaliation claims are related for the purpose of awarding attorney fees. *Lilley v. BTM Corp.*, 958 F.2d 746, 756 (6th Cir.1992) (holding that the district court could not properly reduce the attorney-fee award for time spent on the plaintiff's unsuccessful age-discrimination claim because it was related to the plaintiff's successful retaliation claim (citing *Hensley*, 461 U.S. at 437, 103 S. Ct. 1933)).

Common facts are at the heart of all of Imwalle's claims, both successful and unsuccessful, as noted by the district court. Most importantly, there is a significant overlap in the legal theories underlying Imwalle's claims of discrimination and retaliation—all of which were decided by a jury following a trial on the merits. *See Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir.2006) (holding that, where there is "an obvious and significant legal overlap" between claims, full recovery for counsel's services is appropriate under *Hensley* ).

*Imwalle*, 515 F.3d at 554-55. The *Imwalle* case is distinguishable from the instant appeal. Unlike the case at bar, which involves two plaintiffs, the *Imwalle* case involved one plaintiff with two claims. The *Imwalle* Court cautioned against basing the amount a plaintiff may recover for his or her attorney's fees on the success or failure of individual claims, which are related by a common core of facts. *Id*. Here, the trial court's reduction of attorney's fees was not based on the claims that Mr. Goree prevailed on, but rather on the fact that Mr. Wherry's judgment was reversed. Accordingly, the *Imwalle* holding is not dispositive of the issue presented in this appeal.

- 4 -

Mr. Goree also argues that the trial court "abused its discretion by not making findings or conducting any analysis of attorney fees and costs attributable solely to Goree's claim." In support of his argument, Mr. Goree cites this Court's opinion in ***Crescent Sock Co. v. Yoe***, No. E2015-00948-COA-R3-CV, 2016 WL 3619358 (Tenn. Ct. App. May 25, 2016). In ***Crescent Sock***, the plaintiff filed a declaratory judgment action, seeking a determination that two contracts were invalid and unenforceable. The contracts at issue were an employment contract between Robert Yoe and Crescent Sock and an agreement between Crescent Sock and Yoe Enterprises, a company wholly owned by Robert Yoe. ***Id***. at *1-*3. Mr. Yoe asserted counterclaims based on a fee shifting provision in the employment contract he had with Crescent Sock. ***Id***. at *1. Mr. Yoe's company, Yoe Enterprises, also filed counterclaims concerning intellectual property provisions in a contract between Yoe Enterprises and Crescent Sock. ***Id***. At trial, Mr. Yoe and Yoe Enterprises prevailed and subsequently sought to recover all attorney's fees and costs. The trial court granted the request. On appeal to this Court, Crescent Sock argued that Mr. Yoe's company was not a party to the employment contract, which was the basis for the award of attorney's fees.[1] As such, Crescent Sock maintained that Yoe Enterprises was not entitled to its attorney's fees. This Court agreed, holding that:

> None of the proof regarding attorney's fees contains any differentiation with respect to fees attributable or charged to Yoe, as opposed to Yoe Enterprises. All of the bills and documentation treated the case as if the attorneys had only one client; Yoe and Yoe Enterprises were not billed separately. At oral argument, counsel for the counter-plaintiffs stated that they in reality had just one client, Mr. Yoe, which is somewhat understandable given that he is the only natural person in the case and he wholly owns Yoe Enterprises. But the fact remains that Crescent agreed to pay attorney's fees to Yoe in the event he prevailed against it in a legal dispute; it never agreed to pay the fees of Yoe Enterprises. Counsel also argues that it is impossible to go back and separate the time spent for his individual claims from the time spent for Yoe Enterprises' claims. While it may be difficult, it is not impossible. In any event, to force Crescent to pay the entire bill of $765,880.77 would be indulging in the fiction that all of the work done by Yoe Enterprises' attorneys on its behalf was provided gratis, which is neither logical nor just. Consequently, we remand for a determination of the amount of attorney's fees attributable to the work done for Yoe Enterprises. Yoe Enterprises is not entitled to recover the amount of those fees from Crescent.

---

[1] In ***Crescent Sock***, the trial court held that pursuant to the "February 15, 2012 executive employment agreement, the prevailing party is entitled to receive the costs and expenses of the litigation from Crescent, including all expert witness fees pursuant to the contractual provision in the February 15, 2012 executive employment agreement." ***Crescent Sock***, 2016 WL 3619358, at *9.

> In summary, the trial court shall take evidence and determine the proper amount of attorney's fees and costs to be allocated to Yoe Enterprises both at trial and on appeal. We recognize that this will not be an easy task and may result in a number that is imprecise, but, as discussed in this opinion, it is our view that justice requires such an effort under these unusual circumstances.

*Id*. at \*9. Mr. Goree argues that the ***Crescent Sock*** holding requires this Court to remand the instant appeal to the trial court to segregate the attorney's fees incurred by Mr. Goree from those incurred by Mr. Wherry, rather than simply reducing Mr. Goree's fees by 50%. In the first instance, the ***Crescent Sock*** case is distinguishable from the instant appeal insofar as the award of attorney's fees in ***Crescent Sock*** was based on a contract between Mr. Yoe and Crescent Sock, and Yoe Enterprises was not a party to that contract. Accordingly, in the ***Crescent Sock*** case, this Court was concerned with enforcing the parties' contract, which provided for attorney's fees for Mr. Yoe but not his company. In order to ensure that the parties' contractual intent was not usurped, it was imperative for Crescent Sock to be relieved from paying any of Yoe Enterprises' attorney's fees; therefore, this Court remanded the case for the purpose of segregating Yoe Enterprises' attorney's fees from Mr. Yoe's. In this regard, we cannot adopt Mr. Goree's broad interpretation of the ***Crescent Sock*** holding to require the segregation of the specific attorney's fees owed by each party in every case. In this appeal, there is no contractual basis for the award of attorney's fees as the award here is statutory. Although we do not go so far as to hold that the existence of a contract for attorney's fees mandates an itemization of each parties' respective fees in every case, we do acknowledge that, in the case at bar, we do not have a contractual imperative to enforce.

In ***Hensley v. Eckerhart***, 461 U.S. 424 (1983), a case cited in both ***Imwalle*** and ***Crescent Sock***, the United States Supreme Court held that, on finding that a reduction of hours related to pursuing unsuccessful claims is warranted, a court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." ***Hensley***, 461 U.S. at 436-37. As set out in its order, *supra*, the trial court held that "UPS argued that it was impossible to segregate the fees and costs and the Court agrees." We have reviewed some of the billing entries for attorney's fees, and we cannot conclude that the trial court's determination that it is not possible to segregate the fees and costs attributable to Mr. Goree from those attributable to Mr. Wherry constitutes an abuse of discretion. Under the holding in ***Hensley***, having made this determination, the trial court could "simply reduce the award to account for the limited success . . . ." Given the fact that only one of the two plaintiffs was successful, the trial court's decision to reduce Mr. Goree's attorney's fees and costs by 50% was a logical and reasonable reduction. Here, the trial court's approach to the attorney's fees and costs award is

similar to the approach adopted by the Eastern District of Missouri in ***Holland, et al. v. City of Gerald, Missouri, et al.***, No. 4:08CV707HEA, 2013 WL 1688300 (E.D. Mo. April 18, 2013). In ***Holland***, some of the plaintiffs' 42 U.S.C. § 1988 claims were unsuccessful. The defendant argued that plaintiffs' attorney's fee and costs should be reduced because not all of the plaintiffs prevailed. The District Court agreed and reduced the requested fees by 60% because only nine of the twenty-two plaintiffs had prevailed. The ***Holland*** Court held that:

> Given the circumstances outlined herein, the Court finds that a sixty (60) percent reduction in Plaintiffs' fee proposal is appropriate. *See **Hensley***, 461 U.S. at 436-37 (upon finding a reduction for hours related to pursuing unsuccessful claims is warranted, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success[, and] the court necessarily has discretion in making this equitable judgment"); ***Burks*** [***v. Siemens Energy & Automation, Inc.***,] 215 F.3d[, 880,] at 883 (an attorneys' fee award of 25% of that which was requested was reasonable given the "relative interrelatedness of the various claims, the lack of specificity in the billing statements, and the degree of success achieved on the claims on which [plaintiffs] prevailed"); ***Schwarz v. Sec'y of Health & Human Servs***., 73 F.3d 895, 905 (9th Cir.1995) ("a district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success")(applying ***Hensley***, 461 U.S. at 440).

***Holland***, 2013 WL 1688300, at *3. In view of the foregoing authority and considering the totality of the circumstances presented in this case, we cannot conclude that the amount of attorney's fees and costs awarded to Mr. Goree was an abuse of the trial court's discretion.

In his final issue, Mr. Goree asks this Court to award his reasonable attorney's fees and expenses incurred in this appeal. Whether to award attorney's fees incurred on appeal is a matter within the sole discretion of this Court. ***Shofner v. Shofner***, 181 S.W.3d 703, 719 (Tenn. Ct. App. 2004). In determining whether an award for attorney's fees is warranted, we consider, *inter alia*, the party's success on appeal. ***Id***. Because Mr. Goree has not prevailed in this appeal, we exercise our discretion to respectfully deny his request for an award of appellate fees and costs.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Mitch Goree and his surety, for all of which execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE